Edward M. O’Gorman, J.
The defendant was convicted on February 28, 1967 of a violation of section 375 (subd. 2, par. [c]) of article 9 of the Vehicle and Traffic Law, after a trial in the Justices’ Court of the Town of Blooming Grove, and was. fined $10. From this conviction and fine the defendant now appeals, on the ground that the evidence produced did not establish a violation of the statute and on the further ground that the judgment was against the weight of the credible evidence.
*943 The defendant, while operating his motor vehicle westbound on Route 17 in the Town of Blooming Grove, passed through a range on that highway in which speed was being checked by a radar device. Upon emerging from this zone, the defendant was arrested by police officers and charged with the above violation.
Article 9 of the Vehicle and Traffic Law is that portion of the law which regulates the equipment of motor vehicles and motorcycles. Section 375 (subd. 2, par. [c]) of that article regulates the candle power of motor vehicle lamps and the colors of the lights which may be displayed upon a motor vehicle and forbids the display of certain white lights which ‘ ‘ shall cast a constantly moving, oscillating, revolving, rotating or flashing beam of white light visible from a point in front of the vehicle or from any other direction, except a flashing light or lights used as a directional signal or highway hazard warning ”, by all but specially authorized vehicles performing specially authorized functions. It would seem clear that the legislative purpose in enacting this last prohibition was to make readily identifiable those vehicles which had special missions and were entitled to certain priorities on account thereof.
Although the argument on the appeal raised issues as to whether the defendant motorist was or was not engaged in endeavoring to warn others of the radar operation and whether his arrest was or was not related to such intention, it would seem that the display of an unauthorized light or the use of a light in an unauthorized manner would be a violation of this section without regard to the motive which prompted such use, and conversely, if a light displayed by a motorist is not proscribed by this section of the statute, his motive in displaying the light will not render him guilty of its violation.
The evidence produced at the. trial on behalf of the People insofar as it relates to the lamps or their operation by the defendant motorist, in its entirety, is as follows:
In response to a question by a fellow police officer, the arresting officer testified, “I observed a car coming down the road with his lights going off and on. This continued 4 or 5 times. ’ ’ In response to the next question, the officer stated, “It was quite straight, roughly % to % miles; I would say that the man flashed his lights five times off and on.”
The same officer further testified, ‘ ‘ he was flashing his lights — off and on — about every thirty seconds.”
A fellow officer testified as follows: “I observed this car flashing its headlights. After flashing several times, I told Trooper Crandall to stop this car.”
*944 ■ Thus, the undisputed evidence in this case establishes no more than that the defendant, within a distance of about half a mile, turned his headlights on and off 5 times at 30-second intervals. This evidence neither establishes that the lights were by their nature in violation of the statutory regulation, nor that they were being operated in a manner which could be described as “constantly flashing” within the meaning of the statute, in view of its purpose. The judgment is reversed and the fine remitted.