OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed upon the law, fine, if paid, remitted and information dismissed.
*20 A State Trooper testified at the trial that on February 7, 1993, he was in a marked patrol car positioned next to Route 9 at the county line for Westchester and Putnam. His lights were off and he was in a "concealed” position having a meal. He then pulled out onto the road, and while driving southbound behind defendant, noticed that "with more than several northbound vehicles her high beams would come on and off several times.” She was "flipping” her high beams within 200 feet of the northbound vehicles and the high beams were "on.” Upon stopping her, he advised her that it was not a good idea to "flip” her lights on and off to alert other people that a policeman was ahead, in case he was looking for something of a criminal nature. She replied, "I only did it three times.”
Defendant testified that as she was driving southbound and approaching the Trooper’s parked location, two cars flipped their lights at her. She passed the stationary patrol car and "flicked” her lights three times. By the time that the Trooper had started his car and gotten onto the road, she "would have” finished her "flicking.”
Defendant went on to state that it was a Sunday and about 6:50 p.m. Traffic was not very heavy and she was not "interfering” with any driver or anybody. Upon being asked by the court why she was "flicking,” she answered, "It may not have been smart, I admit, but when the cars flicked at me, I looked and saw the Officer’s car, and I just flicked for other cars to know.” Defendant also testified that when she spoke to the Trooper on a later date, he said he had given her the ticket "because [she] was alerting other drivers — having nothing to do with her lights.”
In our opinion, the conviction must be set aside. The subject provision states in pertinent part that a car’s headlamps "whenever a vehicle approaching from ahead is within five hundred feet * * * shall be operated so that dazzling light does not interfere with the driver of the approaching vehicle” (Vehicle and Traffic Law § 375 [3]). From such language, it is clear that merely showing that defendant "flipped” or "flicked” her high beams at approaching vehicles would be insufficient to establish that she caused "dazzling light” which "interfere[d]” with the drivers of said vehicles (People v Meola, 7 NY2d 391, 397).
Much of the questioning of defendant at trial was directed toward ascertaining her motives for flicking her high beams and seeking to warn others of the presence of the patrol car. *21 In an analogous case, a former member of this court (Edward M. O’Gorman, J.), when he sat in the County Court of Orange County, observed, "Although the argument on the appeal raised issues as to whether the defendant motorist was or was not engaged in endeavoring to warn others of the radar operation and whether his arrest was or was not related to such intention, it would seem that the display of an unauthorized light or the use of a light in an unauthorized manner would be a violation of this section without regard to the motive which prompted such use, and conversely, if a light displayed by a motorist is not proscribed by this section of the statute, his motive in displaying the light will not render him guilty of its violation.” (People v Wright, 53 Misc 2d 942, 943 [1967].) Likewise in the case at bar, defendant’s motive for flicking her high beams, however unwise, did not render her guilty of the subject traffic offense.
In light of the foregoing disposition, the other issues raised herein are rendered academic.
Di Paola, P. J., Stark and Ingrassia, JJ., concur.