[828 NE2d 983, 796 NYS2d 26]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON
J. LOREN, Appellant.

Argued March 31, 2005; decided April 28, 2005

## POINTS OF COUNSEL

*Karl E. Manne,* Herkimer, for appellant. Members of a volunteer fire department, who are not members of the fire police squad, are not "person[s] duly empowered to regulate traffic"; therefore, a conviction for failure to comply with said volunteers' commands under section 1102 of the Vehicle and Traffic Law cannot be upheld. (*People v Jennings,* 75 Misc 2d 408; *People v Bassett,* 156 Misc 2d 346.)

*John H. Crandall, Sr., District Attorney,* Herkimer (*Jeffrey S. Carpenter* of counsel), for respondent. I. Members of a volunteer fire department are "person[s] duly empowered to regulate traffic" pursuant to Vehicle and Traffic Law § 1102 in situations wherein the "Emergency rule" of section 1602 of the Vehicle and Traffic Law requires the regulation of traffic. (*People v Jennings,* 75 Misc 2d 408; *People v Bassett,* 156 Misc 2d 346.) II. The order given must be a lawful order. (*People v Donovan,* 53 Misc 2d 687; *People v Jennings,* 75 Misc 2d 408.)

### OPINION OF THE COURT

ROSENBLATT, J.

We hold that Vehicle and Traffic Law § 1102 permits a fire chief to empower subordinate firefighters to regulate and direct traffic at the scene of a fire or accident.

On December 17, 2003, units from the Village of Poland Volunteer Fire Department, commanded by the department's chief, responded to an automobile accident on a public road. The chief ordered two firefighters, Mary Reddington and Edward Squire, to close the thoroughfare to southbound traffic. Neither Reddington nor Squire had been designated a "fire police" officer.\* The two firefighters set up a roadblock using flares and Squire's personal vehicle, with its blue emergency lights turned on. Red-

---

\* General Municipal Law § 209-c authorizes the creation of fire police squads within fire departments, to be "composed of volunteer firemen who are members of such departments or companies." The statute provides that fire police officers "shall have the powers of and render service as peace officers." Pursuant to Vehicle and Traffic Law § 1602, fire police squad members have the same authority as police officers to regulate traffic at the scene of fires or other emergencies. Vehicle and Traffic Law § 132 defines as "police officers . . . every duly designated peace officer as defined" by CPL 2.20. That provision incorporates CPL 2.10 (41), which designates members of fire police squads as "peace officers."

dington was dressed in full firefighter's "turn out" gear, and Squire wore a green flourescent vest and was holding an orange highway flag.

Approaching the roadblock from the north, defendant ignored the firefighters' order to stop. Instead, he swerved into the northbound lane, which was not closed by the firefighters, and continued southward. Other drivers attempted to follow defendant around the roadblock. The two firefighters ran after defendant, shouting, waving their arms as well as the orange flag. Defendant stopped his car briefly, and Squire opened the passenger door in an attempt to identify him. Defendant refused to give his name, and, with Squire wedged between the door and the passenger compartment, attempted to drive off. Defendant then stopped his car and informed Squire that he was driving home. Squire replied that he was going to call the State Police. Undeterred, defendant drove off. A State Police officer later called on defendant at his residence and issued him a ticket for violating Vehicle and Traffic Law § 1102. That section provides that "[n]o person shall fail to or refuse to comply with any lawful order or direction of any police officer or flagperson or other person duly empowered to regulate traffic."

Before the Village Court, defendant argued that he did not violate Vehicle and Traffic Law § 1102 because volunteer firefighters, who are not members of a fire police squad, have no authority to direct traffic. Reasoning that a fire chief has authority to direct traffic at the scene of an emergency and can delegate this responsibility to subordinates, the court found that defendant violated Vehicle and Traffic Law § 1102. County Court affirmed. A Judge of this Court granted leave, and we affirm.

We determine that the two volunteer firefighters were "duly empowered to regulate traffic" under Vehicle and Traffic Law § 1102 because they were acting under instructions from the department's fire chief, who enjoys independent statutory authority to direct traffic at the scene of an accident, fire or other emergency. This power derives from Vehicle and Traffic Law § 1602—the "Emergency rule." Section 1602 (b) provides that

> "[i]n the event of a fire or other emergency or to expedite traffic or to safeguard pedestrians or property . . . [a] person empowered to regulate traffic at the scene may, to the extent authorized by local law, ordinance, order, rule, regulation or administrative

code provision adopted by local authorities with respect to highways within their corporate boundaries, *direct traffic as conditions may require* notwithstanding the provisions of this chapter or of local laws, ordinances, orders, rules, regulations, administrative code or sanitary code provisions regulating traffic" (emphasis added).

We have little difficulty in concluding that the "Emergency rule" authorizes a fire chief to direct traffic at the scene of an accident or a fire. A fire chief's responsibility to coordinate a department's response to an emergency necessarily includes the power both to keep the public out of harm's way and to keep people from obstructing firefighters' all-important mission of protecting life and limb.

Further, we hold that fire chiefs may delegate their Vehicle and Traffic Law § 1602 authority to regulate traffic to their subordinates. Village Law § 10-1018 specifies that the fire chief shall "have *exclusive control* of the members [of the department] at all fires" (emphasis added). Our interpretation of this language respects the fire chief's authority to direct firefighters to undertake tasks critical to public safety, such as diverting traffic away from the scene of a fire or dangerous accident. Accordingly, the order of County Court should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed.