THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST W. HOFFMAN, Appellant.

Third Department, February 25, 1988

## APPEARANCES OF COUNSEL

*Caputo, Aulisi & Skoda (Richard T. Aulisi* and *Robert M. Cohen* of counsel), for appellant.

*William H. Gritsavage, District Attorney (Richard C. Giardino* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

At 10:00 P.M. on May 13, 1986, two State Troopers were in a marked police car in a parking lot located alongside Route 29 in the Town of Johnstown, Fulton County. Defendant drove by and the Troopers pulled out to follow his car. It is conceded that there were no grounds for suspicion or articulable reason for them to do so. Soon thereafter, defendant's car "drifted" into the opposite lane and defendant then "swerved" or "jerked" the car back to the proper side of the road. The Troopers did not pull defendant over immediately, but waited until he had passed through an intersection. After the Troopers pulled defendant's car over, they approached the car and defendant rolled down his window. One Trooper observed that defendant's eyes were widely dilated and that defendant was very nervous. The Trooper suspected that defendant was intoxicated or impaired and asked him to exit the vehicle. After defendant got out of the car, the Trooper observed that defendant's fists were clenched, his muscles were tensed and he appeared "panicky". The Trooper then proceeded to pat defendant down and, in so doing, discovered a small package of white powder in defendant's pants pocket. Defendant fled and was promptly caught. Defendant was taken to the hospital for treatment of injuries received during the arrest. Defendant was read his *Miranda* rights in the police car on the way to the hospital, whereupon he admitted that the powder was cocaine. Blood tests performed at the hospital were negative for alcohol.

Defendant was indicted and charged with possession of a controlled substance in the fourth degree and escape in the

third degree. Defendant's motion to suppress the physical evidence and statements was denied. He then pleaded guilty to a reduced charge of attempted possession of a controlled substance in the fifth degree and was sentenced to an intermittent term of incarceration of four months of weekends in jail and a five-year term of probation. Defendant appeals, contending that his suppression motion was improperly denied.

■ Initially, we reject defendant's contention that his car was unlawfully stopped. An "automobile traveling on a public highway may be stopped for a 'routine traffic check' when a police officer reasonably suspects a violation of the Vehicle and Traffic Law" *(People v Ingle,* 36 NY2d 413, 414). There is no requirement that the violation be substantial. Further, the facts observed by the officer need only support a reasonable suspicion; they need not be of sufficient probative force to support a conviction of the violation. Here, defendant does not dispute that his car crossed into the lane for oncoming traffic and swerved back. Such conduct clearly supported a reasonable suspicion that a violation of Vehicle and Traffic Law § 1120 (a) had occurred. Thus, the stop was proper.

■ However, under no theory can the search of defendant's person be considered lawful. The pat-down search cannot be justified as a search incident to a lawful arrest since at that point no arrest had been made. The Trooper testified at the suppression hearing that defendant was not free to go after he was asked to exit his car. However, the Trooper did not convey this to defendant, nor did he tell defendant that he was under arrest *(see, People v Howell,* 49 NY2d 778, 779). Generally, a search may not precede an arrest. Even where probable cause to arrest exists, a search must follow the arrest, or at least be relatively contemporaneous therewith *(see, People v Evans,* 43 NY2d 160, 162, 165-166). Obviously, where probable cause does not exist, a search may not be employed to find evidence which would then provide probable cause to arrest.

Even if we were to determine that defendant was under arrest at the time of the pat-down search, the search could not be upheld as incident to a lawful arrest since a review of the suppression record indicates that there was no probable cause to believe that defendant had committed or was committing a crime. Whether an arrest was constitutionally valid depends upon whether, at the moment the arrest was made, the officer had probable cause to make it *(Beck v Ohio,* 379 US 89).

Probable cause is more than mere suspicion, although the quantum of proof is less than that required to establish guilt *(see, People v Charles J.,* 73 AD2d 322, 326, *affd* 51 NY2d 594; *People v Munoz,* 40 AD2d 337, *affd* 33 NY2d 998). Equivocal behavior, or that which is susceptible of innocent as well as culpable behavior, will not constitute probable cause *(People v De Bour,* 40 NY2d 210, 216). There must be a "founded suspicion predicated on specific articulable facts that criminal activity is afoot" *(supra,* at 215). Here, the Trooper testified that he suspected that defendant had been driving while his ability was impaired by alcohol or drugs.* The only facts articulated by the Trooper were that defendant's eyes were dilated and he was very nervous. These facts are equivocal at best and would not, alone, constitute probable cause *(see, People v Diaz,* 131 AD2d 690, 694, *lv denied* 70 NY2d 710; *Matter of Darryl C.,* 120 AD2d 523, 525, *lv denied* 68 NY2d 606). There was no evidence of slurred speech, impaired motor abilities, the smell of alcohol or erratic behavior. Nor did the Trooper attempt to administer any form of field sobriety test. As noted earlier, defendant's blood tested negative for alcohol, and no test for drugs in the blood was performed. While the facts observed by the Trooper may have justified further investigation, they do not constitute probable cause to justify an arrest. Thus, even if it be presumed that defendant was under arrest at the time of the pat-down search, such arrest would be unlawful and could not support the search.

Finally, the search cannot be justified by the narrow line of cases which permits limited searches on less than probable cause. Where a police officer has properly stopped a vehicle, he may order the motorist to exit the car *(Pennsylvania v Mimms,* 434 US 106). Also, pursuant to the "stop and frisk" doctrine set forth in *Terry v Ohio* (392 US 1) and codified by CPL 140.50 (3), the officer may conduct a limited pat-down search for a weapon if he reasonably suspects that he is in danger of physical injury. However, after any reasonable basis for the officer's fear for his safety has abated, he is not justified in continuing the search for contraband or evidence *(People v Roth,* 66 NY2d 688, 690). Here, as in *Roth,* when the

---

* The People do not try to justify the search as incident to an arrest for failure to keep right, the traffic violation for which defendant's car was stopped. In fact, the Troopers did not even issue an appearance ticket for such violation. Thus, the line of cases dealing with searches incident to traffic violations *(see, United States v Robinson,* 414 US 218; *People v Marsh,* 20 NY2d 98) need not be discussed.

Trooper felt defendant's pocket he could not reasonably have believed that the object therein was a weapon. Thus, he was not justified in removing and seizing it.

Since no legal theory supports the seizure of the packet of cocaine from defendant's pocket, the motion to suppress such evidence should have been granted. Further, since defendant's incriminating statements flowed directly from the unlawful search and seizure, they also must be suppressed *(see, People v Hauser,* 80 AD2d 460, 465).

CASEY, WEISS and YESAWICH, JR., JJ., concur.

Judgment reversed, on the law, defendant's motion to suppress tangible evidence and statements granted, and matter remitted to the County Court of Fulton County for further proceedings not inconsistent with this court's decision.