■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PANAYOTIS RORRIS, Appellant. [859 NYS2d 272]—

Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered September 26, 2007, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

Defendant was indicted on two counts of felony driving while intoxicated. Following an unsuccessful motion to suppress certain evidence, including evidence that his blood alcohol content was .15%, a jury found him guilty as charged. Sentenced to five years of probation with various conditions and with the first 10 days to be served in jail, defendant now appeals. We affirm.

Contrary to defendant's contention, County Court properly

determined that a State Trooper was justified in stopping the vehicle that defendant was driving in the early morning hours of February 25, 2006, and thus properly denied his suppression motion. It is well settled that the police may lawfully stop a vehicle based on a reasonable suspicion that there has been a Vehicle and Traffic Law violation (*see e.g. People v Tittensor*, 244 AD2d 784 [1997]; *People v Noonan*, 220 AD2d 811, 812 [1995]; *People v Lamanda*, 205 AD2d 934 [1994], *lv denied* 84 NY2d 828 [1994]; *People v Hines*, 155 AD2d 722, 724 [1989], *lv denied* 76 NY2d 736 [1990]; *People v Hoffman*, 135 AD2d 299, 301 [1988]; *see also People v Ingle*, 36 NY2d 413, 414-415 [1975]). Here, a State Trooper testified at the suppression hearing that on the morning in question, he was on routine patrol heading east on a particular road. As a westbound vehicle came within 200 to 300 feet of his marked vehicle, it appeared that it was operating with its headlights on high beam. The glare was so strong that the Trooper had to squint his eyes, hold up his hand to block the glare and pull to the side of the road. The Trooper immediately turned around and initiated a traffic stop.

According to the Trooper, defendant denied that he had just been driving with the high beams on, thus prompting the Trooper to inquire if it were possible that the headlights were out of alignment. Defendant responded that he was not sure since it was not his vehicle. In the meantime, the Trooper detected an odor of alcohol emanating from the vehicle and further observed that defendant's eyes were bloodshot and that he had an impaired physical ability to retrieve requested documents. Defendant also acknowledged that he had been drinking alcohol. Following various field sobriety tests, defendant was arrested for driving while intoxicated. A subsequent breathalyzer test revealed a blood alcohol content of .15%.

Under these circumstances, we reject defendant's contention that he was unlawfully stopped. The Trooper's testimony reveals that the stop was motivated by his observation that the vehicle was being operated with its high beams on, thus causing a "dangerous glare." Since this constituted a Vehicle and Traffic Law violation (*see* Vehicle and Traffic Law § 375 [2] [b]), the stop was authorized (*see People v Hines, supra*). The testimony of an auto body technician, who inspected the vehicle four months after the stop, that its headlights were in proper working order on the morning in question did not vitiate the Trooper's testimony that he observed the vehicle being operated with its headlights on high beam.

Finally, upon our review of the record, we are unpersuaded that defendant received ineffective assistance of counsel (*see*

*People v Baldi*, 54 NY2d 137, 146 [1981]) or that 10 days in jail is harsh and excessive for this repeat offender (*see People v Benedict*, 274 AD2d 750 [2000]). Moreover, defendant's claim that County Court sentenced him to 10 days in jail to punish him for making the suppression motion is unpreserved for our review (*see People v Hurley*, 75 NY2d 887, 888 [1990]) and, in any event, is unsupported by the record (*see People v Ward*, 10 AD3d 805, 808 [2004], *lv denied* 4 NY3d 768 [2005]).

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Ulster County for further proceedings pursuant to CPL 460.50 (5).