■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL D. ROSE, Appellant. [889 NYS2d 789]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered October 20, 2008. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress all evidence obtained as the result of the stop of defendant's vehicle is granted, the indictment is dismissed, and the matter is remitted to Steuben County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle & Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), defendant contends that County Court erred in determining that the stop of his vehicle was lawful and thus erred in refusing to suppress all evidence obtained as the result of that stop. We agree.

In support of their contention that the stop was valid, the People mistakenly rely on *People v Ingle* (36 NY2d 413 [1975]), in which the Court of Appeals held that the stop of a vehicle is lawful provided that it is "not the product of mere whim, caprice, or idle curiosity . . . [and is] based upon 'specific and articulable facts' " (*id.* at 420, quoting *Terry v Ohio*, 392 US 1, 21 [1968]). As defendant correctly contends, however, in the time since *Ingle* "the Court of Appeals has made it 'abundantly clear' . . . that 'police stops of automobiles in this State are legal only pursuant to routine, nonpretextual traffic checks to enforce traffic regulations or where there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' . . . or where the police have 'probable cause to believe that the driver . . . has committed a traffic violation' " (*People v Washburn*, 309 AD2d 1270, 1271 [2003]; *see People v Robinson*, 97 NY2d 341, 348-349 [2001]; *People v Spencer*, 84 NY2d 749, 752-753 [1995], *cert denied* 516 US 905 [1995]; *People v White*, 27 AD3d 1181 [2006]).

Here, the People do not contend that the stop was made pursuant to a traffic check or was based on the officer's reasonable suspicion that defendant had committed a crime. Thus, the stop was valid only if it was supported by probable cause to believe that defendant had committed a traffic violation. At the suppression hearing, the police officer who stopped defendant's vehicle testified that, as he was traveling behind defendant's vehicle on a divided highway, he observed defendant flash his high beams while there was a vehicle approaching from the opposite direction. The officer then stopped defendant's vehicle based on

his belief that defendant had violated Vehicle and Traffic Law § 375 (3). The officer testified that he understood that statute to mean that a driver is not allowed to flash his or her high beams "for particularly no reason at an oncoming vehicle." Section 375 (3) actually provides in relevant part that, "whenever a vehicle approaching from ahead is within [500] feet . . . , the headlamps, if of the multiple beam type . . . shall be operated so that dazzling light does not interfere with the driver of the approaching vehicle . . . ." The mere flashing of lights, alone, does not constitute a violation of the statute (*see People v Meola,* 7 NY2d 391, 397 [1960]; *People v Hines,* 155 AD2d 722, 724 [1989], *lv denied* 76 NY2d 736 [1990]; *People v Lauber,* 162 Misc 2d 19, 20 [1994]).

The People presented no testimony at the hearing concerning the distance between defendant's vehicle and the oncoming vehicle, and there was no evidence that defendant's flashing of the high beams interfered in any way with the driver of the approaching vehicle. Indeed, because the officer mistakenly believed that flashing of the high beams for no particular reason was unlawful irrespective of the distance between vehicles, the officer did not concern himself with the distance of the approaching vehicle. Thus, the stop of defendant's vehicle was based on a mistake of law. "Where the officer's belief is based on an erroneous interpretation of law, the stop is illegal at the outset and any further actions by the police as a direct result of the stop are illegal" (*Matter of Byer v Jackson,* 241 AD2d 943, 944-945 [1997]; *see People v Smith,* 1 AD3d 965 [2003]; *see also People v Gonzalez,* 88 NY2d 289, 295 [1996]).

We therefore reverse the judgment, vacate defendant's guilty plea, grant that part of the omnibus motion seeking to suppress all evidence obtained as the result of the stop of defendant's vehicle, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45. Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.