THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEKE BOYD, Appellant. [889 NYS2d 490]—

The defendant's contention that the police did not have probable cause to stop his car is unpreserved for appellate review, as the defendant did not raise this claim at the suppression hearing (*see People v McNair,* 45 AD3d 872 [2007]; *People v Rogers,* 34 AD3d 504 [2006]). In any event, the stop of the defendant's vehicle was lawful. " '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred' " (*People v Sluszka,* 15 AD3d 421, 423 [2005], quoting *People v Robinson,* 97 NY2d 341, 348-349 [2001]). The police officer's testimony established that he had probable cause to stop the defendant after he observed the defendant driving through a red light (*see* Vehicle and Traffic Law § 1111). Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.