In the Matter of DEAN C. CRAIG, Petitioner, v DAVID J. SWARTS, as Commissioner of Motor Vehicles, Respondent. [891 NYS2d 204]—

Kavanagh, J.

In April 2007, State Trooper Robert LeBarron responded to a report of an overturned vehicle in the Town of Hague, Warren County, and eventually located the unoccupied vehicle in a field adjacent to Friends Point Road North in the vicinity of State Route 9N. After a registration check failed to yield a valid address, LeBarron began canvassing the neighborhood and, at the second occupied residence, encountered petitioner's father, who indicated that petitioner had been in an accident. In response to questioning by LeBarron, petitioner, who purportedly smelled of alcohol and exhibited slurred speech, impaired motor coordination and bloodshot eyes, allegedly stated, "I was going too fast, I was drunk, I rolled my car." After petitioner denied having consumed any additional alcohol after the accident, LeBarron

administered five field sobriety tests, all of which petitioner failed. LeBarron then placed petitioner under arrest for driving while intoxicated and read petitioner his *Miranda* and driving while intoxicated warnings, the latter of which advised petitioner of the consequences of refusing to submit to a chemical test to determine the level of alcohol in his blood. Although petitioner verbally consented to taking the chemical test, numerous attempts on two separate machines failed to yield a testable sample and petitioner was deemed to have refused the test by his conduct. As a result, his license temporarily was suspended pending a revocation hearing before a Department of Motor Vehicles Administrative Law Judge (hereinafter ALJ).

Following a hearing in May 2007, at which LeBarron was the sole witness, the ALJ revoked petitioner's license and imposed a civil penalty.[1] Upon review, the Administrative Appeals Board affirmed the ALJ's determination, concluding that LeBarron had reasonable grounds to believe that petitioner operated his car upon "a public highway, private road open to motor vehicle traffic, or any other parking lot" in violation of Vehicle and Traffic Law § 1192. The Department of Motor Vehicles thereafter revoked petitioner's license for one year effective April 3, 2008, prompting petitioner to commence this CPLR article 78 proceeding, subsequently transferred to this Court, to challenge that determination.[2]

Vehicle and Traffic Law § 1194 (2) (a) (1) authorizes the administration of a chemical test when a police officer has "reasonable grounds" to believe that an individual has operated a motor vehicle while under the influence of alcohol and/or drugs in violation of any subdivision of Vehicle and Traffic Law § 1192. The crux of petitioner's argument on review is that his license should not have been revoked following his chemical test refusal because LeBarron did not have reasonable grounds to believe, under "the totality of the circumstances surrounding the incident" (Vehicle and Traffic Law § 1194 [2] [a] [3]), that petitioner operated a motor vehicle on a road to which Vehicle and Traffic Law § 1192 applies. Specifically, petitioner contends that there is no proof that he drove his vehicle on Friends Point Road North, nor is there any evidence to support a finding that such road constitutes a "public highway[ ], private road[ ] open to motor vehicle traffic [or] . . . parking lot" (Vehicle and Traffic Law § 1192 [7]). We cannot agree.

---

1. Revocation of petitioner's license was stayed pending an administrative appeal.

2. Respondent agreed to stay the revocation order pending resolution of this proceeding.

In view of petitioner's admissions to LeBarron and the discovery of petitioner's vehicle in a field adjacent to Friends Point Road North, it was entirely reasonable for LeBarron to infer, under the totality of the circumstances presented, that petitioner was driving on that road at the time of the accident. As to the legal status of Friends Point Road North, while there was no direct testimony on this point, LeBarron stated that this road is located in the vicinity of State Route 9N and that there were numerous residences in the area where petitioner's accident occurred. Additionally, a letter from the local highway superintendent indicating that "[t]he roads in Friends Point Association . . . are private roads, including but not limited to Friends Point Drive, Friends Point Drive North and South," and an accompanying photograph, give rise to the inference that the road in question is open to motor vehicle traffic and, hence, falls within the purview of Vehicle and Traffic Law § 1192 (7) (*cf. Matter of Malphrus v State of New York Dept. of Motor Vehs.*, 191 AD2d 775, 776 [1993]). We therefore conclude that the determination revoking petitioner's license upon his refusal to take a chemical test is supported by substantial evidence (*see Matter of Giampia v New York State Dept. of Motor Vehs.*, 256 AD2d 578 [1998]).

Spain, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.