■ In the Matter of ELLEN M. BERLIN, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [914 NYS2d 436]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which revoked petitioner's driver's license.

Late one evening, petitioner was driving her automobile on Route 32 in the Town of Esopus, Ulster County, when an axle and tire came off. She left the vehicle in front of a private residence and began walking north on Route 32. Shortly thereafter, State Trooper Theresa Diluvio responded to a report of a motor vehicle accident at the location where petitioner had left her vehicle. When she arrived at the scene, she found an unattended vehicle with both air bags deployed and missing a tire and axle. The tire and axle were found in the area of a nearby guardrail. While Diluvio was investigating the scene, Ulster County Sheriff Deputy Jason Bruck stopped and asked Diluvio if she needed

any assistance, which she declined. Both Bruck and Diluvio checked registration records, which revealed that the vehicle was registered to petitioner and included her date of birth. After encountering Diluvio, Bruck continued to drive north on Route 32 and came upon petitioner walking alongside the road. According to Bruck, petitioner was staggering and did not turn around until he activated his air horn, startling her. Bruck exited his vehicle and requested petitioner's identification. When petitioner inquired as to why he wanted such information, Bruck repeated his request, whereupon she allegedly became argumentative. Bruck then grabbed petitioner's arm and pinned her to the hood of his police car. Petitioner's purse fell from her shoulder and Bruck removed her identification from the purse. He then radioed Diluvio to advise her that he had located the owner and operator of the vehicle.

When Diluvio arrived at the location where petitioner was detained by Bruck, she observed that petitioner's breath smelled like alcohol, her speech was slurred, her eyes were glassy and her motor coordination was impaired. Petitioner admitted to Diluvio that she had been driving the car that was left by the road, but refused Diluvio's request to perform field sobriety tests. Diluvio then placed petitioner under arrest for driving while intoxicated and transported her to the State Police barracks, where she was advised of, among other things, the consequences of refusing to submit to a chemical test to measure her blood alcohol level. Petitioner declined to take the test.

After a refusal revocation hearing pursuant to Vehicle and Traffic Law § 1194 (2) (c), an Administrative Law Judge (hereinafter ALJ) determined that Diluvio had reasonable grounds to believe that petitioner had operated a motor vehicle in violation of Vehicle and Traffic Law § 1192 (1) and lawfully arrested petitioner for driving while intoxicated pursuant to Vehicle and Traffic Law § 1194 (1) (a). The ALJ further found that the refusal warnings administered to petitioner were sufficient and that petitioner had refused to take the chemical test. Accordingly, the ALJ revoked petitioner's driver's license and respondent's Administrative Appeals Board subsequently affirmed the determination.* Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the revocation.

---

* Although the Board mischaracterized the ALJ's rationale and incorrectly reasoned that Bruck had probable cause to detain and arrest petitioner for leaving the scene of a property damage accident in violation of Vehicle and Traffic Law § 600 (1) (a), the Board found no basis to disturb the ALJ's assessment of the witnesses' credibility and ultimately adopted the ALJ's conclusions by affirming the determination and finding that "[t]he original decision remains."

We confirm. The issues to be determined by the ALJ at the license revocation hearing were limited to whether the police officer had reasonable grounds to believe that petitioner had been operating a vehicle in violation of Vehicle and Traffic Law § 1192, whether the officer made a lawful arrest of petitioner, whether the warnings with regard to the consequences of refusal to take the chemical test were sufficient and whether petitioner refused to take such test (*see* Vehicle and Traffic Law § 1194 [2] [c]). It was undisputed that petitioner had been driving the vehicle found on the road and that petitioner left the vehicle and proceeded to walk home. Bruck's observations that petitioner matched the general age of the registered owner of the vehicle, that she was in the vicinity of where the vehicle was abandoned and that she was staggering along the shoulder of the road late in the evening provided credible, objective reasons for him to approach her to ask limited questions regarding her identity (*see generally People v McIntosh*, 96 NY2d 521, 525 [2001]; *People v Hollman*, 79 NY2d 181, 184-185 [1992]; *People v Savage*, 59 AD3d 817, 819 [2009], *lv denied* 12 NY3d 920 [2009]). Bruck also testified that, throughout his encounter with petitioner, he observed that she had a strong odor of alcohol, slurred speech and red glassy eyes and she exhibited erratic behavior. This gave him reasonable suspicion of criminality to justify her detention (*see People v Phillips*, 46 AD3d 1021, 1023 [2007], *lv denied* 10 NY3d 815 [2008]; *People v Williams*, 305 AD2d 804, 806 [2003]). Significantly, Diluvio also testified that petitioner exhibited signs of intoxication. In addition, it is undisputed that petitioner refused to take the field sobriety or chemical tests when requested by Diluvio to do so. Thus, based on the record before us, we find that there was substantial evidence to support the ALJ's determination that Diluvio had reasonable grounds to believe that petitioner had been operating a motor vehicle while intoxicated and that the subsequent arrest was lawful (*see Matter of Craig v Swarts*, 68 AD3d 1407, 1409 [2009]; *Matter of Giampia v New York State Dept. of Motor Vehs.*, 256 AD2d 578, 578 [1998]). Accordingly, we find no basis to disturb respondent's determination (*see* CPLR 7803 [4]; *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 37 AD3d 984, 985 [2007]; *Matter of Somma v Jackson*, 268 AD2d 763, 763 [2000]).

Petitioner's remaining contentions have been considered and are either academic or without merit.

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.