■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN JOHNSON, Appellant. [919 NYS2d 891]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered November 12, 2008, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The Supreme Court properly denied those branches of the defendant's motion which were to suppress physical evidence, identification testimony, and his statements to the police on the ground that the police did not have probable cause for his arrest. The record supports the Supreme Court's finding that the initial stop of the defendant's vehicle was based upon the officer's observation of the vehicle driving at night without "two lighted head lamps" in violation of Vehicle and Traffic Law § 375 (2) (a) (1) (*see People v Robinson,* 97 NY2d 341, 348-349 [2001]; *People v Contant,* 77 AD3d 967, 968 [2010]; *People v Hughes,* 68 AD3d 894, 895 [2009]). Based on this observation, the officer had probable cause to believe that a traffic violation occurred so as to permit a stop of the defendant's vehicle (*see People v Robinson,* 97 NY2d at 349; *People v Boyd,* 68 AD3d 889 [2009]; *People v Miller,* 57 AD3d 568, 570 [2008]).

Moreover, the credibility determinations of a hearing court are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Castro,* 73 AD3d 800, 800 [2010]; *People v Tandle,* 71 AD3d 1176, 1178 [2010]; *People v Martinez,* 58 AD3d 870, 870-871 [2009]). Contrary to the defendant's contention, the testimony of the arrest-

ing officer at the suppression hearing was not incredible or patently tailored to nullify constitutional objections (*see People v. Barley*, 82 AD3d 996 [2d Dept 2011]). Based on this testimony, the People established probable cause to arrest the defendant.

As the People correctly concede, the defendant's conviction of assault in the third degree must be vacated and that count of the indictment dismissed as an inclusory concurrent count of assault in the second degree (*see* CPL 300.40 [3] [b]; Penal Law § 120.05 [2]; § 120.00 [1]). Covello, J.P., Hall, Lott and Cohen, JJ., concur.