*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                    107019
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                                  MEMORANDUM AND ORDER

BRIAN L. KING,
                    Appellant.
_____

Calendar Date:   February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas J. Evanovich of counsel), for respondent.

_____

Garry, J.P.

        Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 29, 2014, convicting defendant upon his plea of guilty of the crime of driving while intoxicated (two counts) and the traffic infraction of failure to comply with a lawful order of a person empowered to regulate traffic.

        On April 5, 2013 at approximately 7:00 p.m., members of the Ellenburg Depot Fire Department responded to an emergency dispatch call and set up a roadblock in order to divert traffic around the site of a tractor trailer that had jackknifed, blocking the road ahead.  Stewart Seguin, the third assistant fire chief in charge of the roadblock who was on fire police duty, parked a truck with its red roof lights and grill lights

flashing in the incoming lane, and members of the department stood in the center of the road to direct traffic. Defendant approached in a gold sports utility vehicle (hereinafter SUV) and drove around the roadblock into the oncoming lane, which was not completely blocked, reportedly ignoring calls to stop and nearly striking a firefighter flagperson. Seguin approached defendant's stopped SUV, which could not proceed past the tractor trailer, spoke with defendant, and then reported to a state trooper assigned to the accident site that defendant had driven through the roadblock and may be intoxicated; Seguin then pointed out defendant's SUV to the state trooper. Defendant turned his SUV around and drove back through the roadblock. The state trooper followed and, upon stopping defendant, detected the odor of alcohol and administered field sobriety tests. Defendant was placed under arrest for the traffic infraction of failure to obey a person authorized to regulate traffic in violation of Vehicle and Traffic Law § 1102.

Defendant was later indicted on two felony counts of driving while intoxicated and for the traffic infraction. Following a suppression hearing, County Court concluded that the state trooper had lawfully stopped defendant's SUV and, therefore, denied defendant's motion to suppress the evidence and his statements to police. Defendant thereafter pleaded guilty as charged in the indictment with no sentencing promise. County Court imposed concurrent prison terms of 1⅓ to 4 years on the driving while intoxicated convictions, followed by a three-year conditional discharge, with fines of $2,100 and surcharges. Defendant appeals, solely challenging that part of County Court's suppression ruling holding that the state trooper had lawfully stopped his SUV.

Initially, as defendant did not waive his right to appeal, his challenge to the denial of his suppression motion survives his guilty plea and, since he entered a guilty plea thereafter, harmless error analysis is inapplicable (see CPL 710.70 [2]; People v Henry, 133 AD3d 1085, 1087 [2015]). Turning to the merits, a decision by police to stop a vehicle is reasonable when they have probable cause to believe that the driver committed a traffic violation (see People v Guthrie, 25 NY3d 130, 133 [2015]; People v Robinson, 97 NY2d 341, 349 [2001]; People v Weishaupt,

118 AD3d 1100, 1102 [2014]; People v Brock, 107 AD3d 1025, 1026 [2013], lv denied 21 NY3d 1072 [2013]).  Defendant argues that the state trooper did not possess probable cause to stop his vehicle because he did not personally observe him commit a traffic infraction.  We disagree.  Seguin, a volunteer firefighter on fire police duty, was assigned by the fire chief in charge to close the intersection and set up the roadblock and, as such, was "duly empowered to regulate traffic" under Vehicle and Traffic Law § 1102 (see People v Loren, 4 NY3d 411, 413 [2005]).  At the very least, Seguin was a citizen informant who was presumed to be reliable and his basis of knowledge was clear to the state trooper, as Seguin had personally observed defendant disobey orders to stop and drive through the roadblock into the oncoming lane (see People v Hetrick, 80 NY2d 344, 348-349 [1992]; People v Gibson, 117 AD3d 1317, 1321 [2014], affd 24 NY3d 1125 [2015]; People v Hoffman, 283 AD2d 928, 928 [2001], lv denied 93 NY2d 874 [1999], cert denied 528 US 683 [1999]).  In addition, Seguin pointed out defendant's SUV to the state trooper, who personally observed that it was past the roadblock, establishing that defendant had driven around it.  According deference to the suppression court's factual determinations and decision to credit the testimony of Seguin and the state trooper over defendant's inconsistent account (see People v Weishaupt, 118 AD3d at 1102), we find that the state trooper had probable cause to believe that defendant had committed a traffic violation and that his stop of defendant's SUV was lawful.  Accordingly, County Court properly denied defendant's motion to suppress.

Egan Jr., Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court