*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 29, 2016          107588
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                Respondent,

      v                               MEMORANDUM AND ORDER

RAMONN S. DRISCOLL,
                Appellant.
_____

Calendar Date: November 15, 2016

Before: Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

_____

Teresa C. Mulliken, Harpersfield, for appellant.

Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.

_____

Devine, J.

Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 2, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On the afternoon of March 16, 2014, a sheriff's deputy stopped a vehicle in the Town of Southport, Chemung County after observing that it had a temporary inspection sticker. Defendant was the driver of the vehicle and fled on foot before the deputy could approach. The deputy pursued defendant but lost him, then returned to the abandoned vehicle in order to have it towed. At that point, the deputy looked into the vehicle's window and observed a plastic baggie on the front seat of the vehicle containing packets of what appeared to be and, in fact, was crack

cocaine.

Defendant was apprehended later that day and was eventually charged in an indictment with two drug offenses. His motion to suppress the evidence recovered as a result of the traffic stop was denied, after which he pleaded guilty to criminal possession of a controlled substance in the third degree in full satisfaction of the indictment. County Court sentenced him, as agreed, to a prison term of three years to be followed by postrelease supervision of two years. Defendant now appeals, arguing that County Court erred in denying his suppression motion.

Inasmuch "as defendant did not waive his right to appeal, his challenge to the denial of his suppression motion survives his guilty plea and, since he entered a guilty plea thereafter, harmless error analysis is inapplicable" (People v King, 137 AD3d 1424, 1425 [2016], lv denied 27 NY3d 1070 [2016]; see CPL 710.70 [2]). Upon the merits, defendant's suppression motion should have been granted, as the People failed to meet "their initial burden of showing that the stop was lawful" (People v Allen, 90 AD3d 1082, 1085 [2011]; see People v Willette, 42 AD3d 674, 675 [2007], lv denied 9 NY3d 883 [2007]). In order for a traffic stop to pass constitutional muster, before making the stop, "a police officer [must have] probable cause to believe that the driver of an automobile has committed a traffic violation" (People v Robinson, 97 NY2d 341, 349 [2001]; accord People v Guthrie, 25 NY3d 130, 133 [2015]). An officer has probable cause to effect a stop if he or she can "articulate credible facts establishing reasonable cause to believe that someone has violated a law" (People v Robinson, 97 NY2d at 353-354; see People v King, 137 AD3d at 1425).

The deputy who made the stop was the sole witness at the suppression hearing, and he testified that he stopped defendant's vehicle because it had a temporary inspection sticker. The deputy candidly admitted that he had no idea whether the sticker was valid when he made the stop, nor did he indicate that the temporary sticker gave him any other reason for suspicion. He instead stated that his "general practice" was to stop any vehicle he encountered with a temporary inspection sticker in

order to "ensure [that the sticker had] not expired."  It is entirely proper to operate a motor vehicle with a temporary inspection sticker under certain circumstances and, as a result, the display of one does not constitute grounds for a traffic stop absent a "specific articulable basis" to believe that illegality is afoot (People v Bowdoin, 89 AD2d 986, 987 [1982]; see Vehicle and Traffic Law § 306 [b]; People v Perez, 149 AD2d 344, 345 [1989]).  The practice of stopping any vehicle with a temporary inspection sticker, without more, represents impermissible "idle curiosity" as to the sticker's validity rather than the "reasonable suspicion" of illegality needed to effect a traffic stop (People v Ingle, 36 NY2d 413, 420 [1975]; see People v Sobotker, 43 NY2d 559, 563-564 [1978]; People v Simone, 39 NY2d 818, 819 [1976]).  Thus, we reverse "County Court's order [denying] defendant's motion to suppress all evidence obtained as a result of [the illegal traffic stop] and, pursuant to CPL 470.55 (2), vacate defendant's guilty plea and restore the action to its prepleading status" (People v Samuels, 270 AD2d 779, 781 [2000]).

Defendant's remaining arguments are rendered academic in light of the foregoing.

Garry, J.P., Egan Jr., Clark and Mulvey, JJ., concur.

ORDERED that the judgment is reversed, on the law, guilty plea vacated, motion to suppress granted and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court