In the Matter of KEVIN N. BARR, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [63 NYS3d 599]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent revoking petitioner's driver's license.

In September 2015, a state trooper initiated a traffic stop of petitioner after observing his vehicle being operated with its high beams activated. Upon executing the traffic stop, the trooper detected the odor of alcohol emanating from the vehicle and noticed, among other things, that petitioner had bloodshot, watery eyes and slurred speech. Petitioner failed several subsequently administered field sobriety tests and he was thereafter placed under arrest for driving while intoxicated. In connection with his arrest, petitioner refused to submit to a chemical test, despite receiving several warnings regarding the consequences of such a refusal (*see* Vehicle and Traffic Law § 1194 [2] [b]), and his driver's license was thereafter suspended pending a refusal revocation hearing (*see* Vehicle and Traffic Law § 1194 [2] [c]). Following the hearing, the Administrative Law Judge (hereinafter ALJ) revoked petitioner's driver's license for at least one year. Upon administrative appeal, respondent's Administrative Appeals Board affirmed the ALJ's determination. Petitioner thereafter commenced this CPLR article 78 proceeding and the matter was transferred to this Court (*see* CPLR 7804 [g]).

The issues to be determined by the ALJ at a license revocation hearing are "limited to whether the police officer had reasonable grounds to believe that petitioner had been operating a vehicle in violation of Vehicle and Traffic Law § 1192, whether the officer made a lawful arrest of petitioner, whether the warnings with regard to the consequences of refusal to take the chemical test were sufficient and whether petitioner refused to take such test" (*Matter of Berlin v New York State Dept. of Motor Vehs.*, 80 AD3d 911, 913 [2011]; *see* Vehicle and Traffic Law § 1194 [2] [c]). An administrative determination revoking a person's driver's license will be upheld so long as it is supported by substantial evidence (*see Matter of Berlin v New York State Dept. of Motor Vehs.*, 80 AD3d at 913; *Matter of Craig v Swarts*, 68 AD3d 1407, 1409 [2009]).

Petitioner contends that the revocation of his driver's license must be reversed because the trooper's testimony at the revocation hearing was insufficient to establish that he violated Vehicle and Traffic Law § 375 (3), thereby rendering the traffic stop unlawful. We disagree. A police officer may lawfully execute a traffic stop of a vehicle when he or she has probable cause to believe that the driver of the vehicle has committed a violation of the Vehicle and Traffic Law (*see People v Guthrie*, 25 NY3d 130, 133 [2015]; *People v Driscoll*, 145 AD3d 1349, 1349 [2016]). Pursuant to Vehicle and Traffic Law § 375 (3), a driver shall operate his or her headlights in such a manner "that dazzling light does not interfere with the driver of [an] approaching vehicle." To establish such a violation, it must be shown that the operator of the motor vehicle used his or her high beams within 500 feet of an approaching vehicle and that the use of such high beams interfered with the vision of that driver by "hampering or hindering [his or her] vision" (*People v Meola*, 7 NY2d 391, 397 [1960]).

At the hearing, the trooper testified that he was traveling westbound along Route 23A in Greene County, when he observed petitioner's vehicle approximately 500 feet away in the eastbound lane of travel with his high beams activated. The trooper testified that petitioner's high beams caused "a glare to [his] vision" and affected his driving insofar as he had to "adjust [his] eyes." In our view, such testimony sufficiently established that he had probable cause to believe that petitioner had committed a violation of the Vehicle and Traffic Law (*see* Vehicle and Traffic Law § 375 [3]; *People v Rorris*, 52 AD3d 869, 870 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Hines*, 155 AD2d 722, 724 [1989], *lv denied* 76 NY2d 736 [1990]; *but*

*see People v Allen*, 89 AD3d 742, 743 [2011], *appeal dismissed* 19 NY3d 993 [2012]) and, together with the negative inference that the Appeals Board permissibly drew from petitioner's failure to testify at the hearing (*see* 15 NYCRR 127.5 [b]; *Matter of Wickham v New York State Dept. of Motor Vehs.*, 152 AD3d 1140, 1142 [2017]), we conclude that the determination was supported by substantial evidence (*see* CPLR 7803 [4]).

Garry, J.P., Lynch and Pritzker, JJ., concur.

Aarons, J. I respectfully dissent. In my view, the evidence was insufficient to demonstrate that the state trooper had probable cause to initiate a traffic stop of petitioner's vehicle. Accordingly, I would annul respondent's determination and grant the petition.

A police officer has probable cause to initiate a traffic stop of a vehicle when he or she observes the driver committing a traffic violation (*see People v Guthrie*, 25 NY3d 130, 133 [2015]; *People v Driscoll*, 145 AD3d 1349, 1349 [2016]; *People v Rasul*, 121 AD3d 1413, 1415 [2014]). As relevant here, a driver must operate his or her vehicle's headlights "so that dazzling light does not interfere with the driver of the approaching vehicle" (Vehicle and Traffic Law § 375 [3]). A violation of Vehicle and Traffic Law § 375 (3) requires "the use of high beams when an approaching vehicle is within 500 feet" and "interference with the vision of [the approaching] driver by reason of such high beams" (*People v Meola*, 7 NY2d 391, 395 [1960]). "The interference contemplated [is] plainly hampering or hindering the vision of the approaching motorist" (*id.* at 397).

I agree with petitioner's sole contention that the trooper's hearing testimony was insufficient to establish that he violated Vehicle and Traffic Law § 375 (3). In this regard, the trooper testified that the high beams were "glar[ing]" and, because of the glare, he "adjusted" his eyes. Other than this vague and conclusory testimony, however, there were no factual circumstances provided by the trooper demonstrating how there was a "hampering or hindering" of his vision as a consequence of the high beams illuminated by petitioner's vehicle (*id.*).

The Court of Appeals in *Meola* found that the element of "interference with the vision of [the approaching] driver by reason of . . . high beams" was established based upon the approaching driver's testimony that the high beams of the offending vehicle required him to slow down (*id.* at 395). While facts showing how the operation of a vehicle has been affected as a consequence of oncoming high beams is illustrative of a driver's vision being interfered with, the Court of Appeals did not state that such proof was necessary to demonstrate a violation

of Vehicle and Traffic Law § 375 (3) (*see id.*).* Nevertheless, there must be some factual proof in the record giving context from which it can be gleaned how a driver's vision has been affected to the point that it has been hampered or hindered due to the illumination of high beams from an oncoming vehicle (*see e.g. id.* at 395-396; *People v Rorris*, 52 AD3d 869, 870 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Hines*, 155 AD2d 722, 724 [1989], *lv denied* 76 NY2d 736 [1990]). Indeed, the hampering or hindrance of a driver's vision "is certainly susceptible of factual proof" (*People v Meola*, 7 NY2d at 397). Because such factual proof is lacking in the record, thereby leaving nothing but speculation to discern how the high beams on petitioner's vehicle interfered with the trooper's vision, in my view, the traffic stop was unlawful.

Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* For this reason, I do not subscribe to the position, as petitioner urges, that for such a violation to be found, there must be "a tangible manifestation of interference with the driver's operation of the motor vehicle" (*People v Allen*, 89 AD3d 742, 743 [2011], *appeal dismissed* 19 NY3d 993 [2012]).