In the Matter of KYLE P. MCDONELL, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [908 NYS2d 507]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Ann Marie Taddeo, J.], dated April 15, 2010) to review a determination of respondent Commissioner, New York State Department of Motor Vehicles. The determination suspended petitioner's license for refusal to submit to a chemical test.

It is hereby ordered that the determination is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination suspending his license. We agree with petitioner that the determination is not supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Petitioner was stopped by a New York State Trooper after petitioner had turned onto an entrance ramp leading to an interstate highway and had accelerated, causing the vehicle to fishtail. The Trooper who observed the fishtailing stopped petitioner's vehicle based solely on his belief that petitioner had violated Vehicle and Traffic Law § 1162, which prohibits unsafely moving a stopped, standing or parked vehicle "unless such movement can be made with reasonable safety." Following further investigation, the Trooper took petitioner into custody based on the Trooper's belief that petitioner was operating the vehicle while under the influence of alcohol. Thereafter, petitioner refused to submit to a chemical test and, based on that refusal, his driver's license was suspended.

A refusal revocation hearing was held pursuant to Vehicle and Traffic Law § 1194 (2) (c), following which the Administrative Law Judge (ALJ) concluded that the Trooper had lawfully arrested petitioner and that petitioner had refused to submit to a chemical test for the purpose of determining his blood alcohol content. Respondent subsequently confirmed that determination on petitioner's administrative appeal.

We agree with petitioner that he did not violate Vehicle and Traffic Law § 1162, inasmuch as it is undisputed that petitioner's vehicle had not been stopped, standing or parked before the Trooper stopped the vehicle. "A [trooper] is authorized to stop a motor vehicle on a public highway when the [trooper] observes or reasonably suspects a violation of the Vehicle and Traffic Law . . . Where[, as here, a trooper's] belief is based on an erroneous interpretation of law, the stop is illegal at the outset and any further actions by the [trooper] as a direct result of the stop are illegal" (*Matter of Byer v Jackson*, 241 AD2d 943, 944-945 [1997]). Because the Trooper who stopped petitioner's vehicle testified at the hearing before the ALJ that his only basis for the traffic stop was the alleged violation of Vehicle and Traffic Law § 1162, we conclude that the determination must be annulled. Present—Martoche, J.P., Carni, Green, Pine and Gorski, JJ.