OPINION OF THE COURT
Stein, J.
In this appeal, we are asked to decide whether there is probable cause to make a traffic stop for a suspected violation of law in accordance with article I, § 12 of the New York State Constitution and the Fourth Amendment of the United States Constitution if the justification for the stop is based upon a police officer’s objectively reasonable, but mistaken, view of the law. We conclude that where, as here, the officer’s mistake about the law is reasonable, the stop is constitutional.
I
At approximately 12:15 a.m. on September 27, 2009, a police officer stopped defendant’s vehicle after observing the vehicle drive past a stop sign without stopping. The stop sign was located at the edge of a supermarket parking lot in the Village of Newark, Wayne County, and defendant was exiting the lot onto a public street. Upon stopping defendant, the officer smelled a strong odor of alcohol. After defendant failed field sobriety tests and a breath analysis revealed that her blood alcohol level was over the legal limit, the officer arrested defendant and charged her with failing to stop at a stop sign in violation of Vehicle and Traffic Law § 1172 (a) and driving while intoxicated under Vehicle and Traffic Law § 1192 (2) and (3).
Asserting lack of probable cause for the initial stop, defendant moved to suppress the evidence resulting therefrom. The Newark Village Court took judicial notice of the location of the stop sign and that it was not registered in the Village Code (see Code of Village of Newark § 140-46). The court granted the suppression motion and dismissed the charges on the ground that the stop was not justified because the stop sign was not properly registered, as required by Vehicle and Traffic Law *133 § 1100 (b).[1] County Court of Wayne County affirmed, concluding that because the stop sign was not legally authorized, the traffic stop was improper because the officer’s good faith was insufficient to “blink away any irregularities in the laws he [was] attempting to enforce.” A Judge of this Court granted the People leave to appeal (22 NY3d 1156 [2014]), and we now reverse.
II
As this Court has previously explained, “any exercise of police power under the Fourth Amendment of the United States Constitution and our State constitutional corollary must be reasonable — a seizure by the police may not be arbitrary” (People v Robinson, 97 NY2d 341, 353 [2001]; see Heien v North Carolina, 574 US —, —, 135 S Ct 530, 536 [2014]). A traffic stop is a seizure and is permissible under the Fourth Amendment and article I, § 12 of the State Constitution when “a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation” (Robinson, 97 NY2d at 349; see Whren v United States, 517 US 806, 809-810 [1996]). Probable cause, in turn, “does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place” (People v Bigelow, 66 NY2d 417, 423 [1985] [emphasis added]; see Ornelas v United States, 517 US 690, 696 [1996]). Thus, “[a] police officer who can articulate credible facts establishing reasonable cause to believe that someone has violated a law has established a reasonable basis to effectuate a [traffic] stop” (Robinson, 97 NY2d at 353-354).
Generally, a traffic stop is justified when an officer observes a vehicle fail to stop at a stop sign (see Vehicle and Traffic Law § 1172 [a]; People v Davis, 32 AD3d 445, 445 [2d Dept 2006], lv denied 7 NY3d 924 [2006]). However, the parties here are in agreement that the stop sign at issue was not legally valid because it was not properly registered as required by Vehicle and Traffic Law § 1100 (b). Thus, the People concede that defendant could not be prosecuted for a stop sign violation. Nev *134 ertheless, the People argue that the traffic stop was constitutionally justified because the officer observed what he reasonably believed to be a violation of the Vehicle and Traffic Law. Defendant counters that the officer made a mistake of law and that such a mistake, even if reasonable, can never provide justification for a traffic stop.
Although defendant and the dissent correctly note that the officer’s good faith belief that she violated the Vehicle and Traffic Law was not sufficient to justify the traffic stop (see Bigelow, 66 NY2d at 426-427), the relevant question before us is not whether the officer acted in good faith, but whether his belief that a traffic violation had occurred was objectively reasonable (see People v Estrella, 10 NY3d 945, 946 [2008], cert denied 555 US 1032 [2008]; see also Robinson, 97 NY2d at 349-350, 353-354).[2] Recently, in Heien v North Carolina, the Supreme Court of the United States clarified that the Fourth Amendment tolerates objectively reasonable mistakes supporting such a belief, whether they are mistakes of fact or mistakes of law (574 US at —, 135 S Ct at 539). Heien involved a traffic stop of a vehicle that had only one working brake light, which the officer mistakenly believed to be a violation of North Carolina law (see 574 US at —, 135 S Ct at 534-535). The Court noted that, in its more recent precedent, it had “recognized that searches and seizures based on mistakes of fact can be reasonable,” and concluded that “[t]here is no reason, under the text of the Fourth Amendment or our precedents,” why the same result should not be acceptable “when reached by way of a similarly reasonable mistake of law” (574 US at —, 135 S Ct at 536). Citing a number of its nineteenth century decisions “explaining the concept of probable cause” (574 US at —, 135 S Ct at 537), the Court stated that its “cases dating back two centuries support treating legal and factual errors alike in this context” (574 US at —, 135 S Ct at 536-537). In light of “the reality that an officer may suddenly confront a situation in the field as to which the application of a statute is unclear— however clear it may later become” (574 US at —, 135 S Ct at *135 539 [internal quotation marks omitted]) — the Court concluded that the officer’s misreading of the statute at issue, which was susceptible of multiple interpretations and had not been definitively construed by the North Carolina appellate courts, amounted to a reasonable mistake of law justifying the traffic stop (see 574 US at —, 135 S Ct at 540). Thus, while the defendant could not be prosecuted under North Carolina law for having only one brake light, his cocaine-trafficking conviction— which flowed from a search incident to the traffic stop — was upheld (see 574 US at —, 135 S Ct at 540).
Similarly, in People v Estrella, this Court affirmed an Appellate Division order upholding the denial of a motion to suppress cocaine recovered after a traffic stop based upon car windows that were over-tinted under Vehicle and Traffic Law §375 (12-a) (b) but permissible in Georgia, the state in which the vehicle was registered (10 NY3d at 946, affg 48 AD3d 1283, 1284-1285 [2008]).[3] The Fourth Department concluded that suppression of the drugs found as a result of the traffic stop was not warranted because, among other things, “it is unreasonable to require that police officers be familiar with the equipment requirement laws of every state, and presumably other countries, in order to effectuate a proper stop for a violation of New York State law” (Estrella, 48 AD3d at 1285). Two dissenting Justices would have reversed on the ground that the officer who stopped the vehicle made a mistake of law and, therefore, lacked probable cause to believe that defendant had committed a traffic infraction. The dissenters reasoned that a “mistake of law, as opposed to a mistake of fact, cannot justify the stop of a vehicle and the ensuing search and subsequent seizure of evidence therefrom,” and that “police officers must be charged with the objective standard of knowing whether [a traffic] infraction occurred” (id. at 1287).
On appeal, we affirmed, rejecting the rationale of the dissenting Justices. Without drawing any distinction between mistakes of fact and mistakes of law in the context of traffic stops, we determined that “[t]he record supports the finding that the officer who stopped the car reasonably believed the windows to be over-tinted in violation of [the] Vehicle and Traf *136 fic Law” (Estrella, 10 NY3d at 946 [emphasis added]). We concluded that the officer was not chargeable with knowledge that the window tinting was legal in Georgia (see id.).
m
So too here, we look to the reasonableness of the officer’s belief that defendant violated the Vehicle and Traffic Law, without drawing any distinction between mistakes of fact and mistakes of law. In Estrella, the arresting officer would have been expected to know that Vehicle and Traffic Law § 250 (1) provides an exemption from this state’s registration and equipment requirements for out-of-state vehicles that comply with the requirements of the state in which they are registered. We concluded, however, that because the officer was not chargeable with knowledge of the legal registration and equipment requirements of Georgia, the stop was justified based upon the officer’s reasonable belief that the defendant had violated the Vehicle and Traffic Law (Estrella, 10 NY3d at 946). Similarly here, we are not saying that it would have been objectively reasonable for the arresting officer to have claimed ignorance of the requirement in Vehicle and Traffic Law § 1100 (b) that a stop sign in a parking lot be registered to be valid. We are saying that the stop was nonetheless constitutionally justified because the officer was not chargeable with knowing each and every stop sign that was registered under the Newark Village Code.
We note that defendant and the dissent rely upon a string of Appellate Division cases holding that, “[w]here the officer’s belief is based on an erroneous interpretation of law, the stop is illegal at the outset and any further actions by the police as a direct result of the [traffic] stop are illegal” (Matter of Byer v Jackson, 241 AD2d 943, 944-945 [4th Dept 1997]; see People v Rose, 67 AD3d 1447, 1449 [4th Dept 2009]; People v Smith, 67 AD3d 1392, 1392 [4th Dept 2009]; see also People v Allen, 90 AD3d 1082, 1084 [3d Dept 2011]; People v MacKenzie, 61 AD3d 703, 703 [2d Dept 2009], lv denied 13 NY3d 798 [2009]; People v Jean-Pierre, 47 AD3d 445, 445 [1st Dept 2008], lv denied 10 NY3d 865 [2008]). The dissent maintains that, given these Appellate Division cases, Estrella could not have been intended to “eliminate[ ]” the mistake of law/mistake of fact distinction (dissenting op at 147). That distinction, however, was never as well-established as the dissent would have it. Despite the evident consensus among the Appellate Division Departments *137 that a mistake of law cannot justify a traffic stop, this Court has never distinguished between mistakes of law and mistakes of fact in considering the reasonableness of a traffic stop and the decision in Estrella is consistent with that fact.
Our decision in People v Gonzalez is not to the contrary. The holding in that case — that a “mistaken belief as to the law, no matter how reasonable, is not sufficient” to establish a constitutionally valid search and seizure (People v Gonzalez, 88 NY2d 289, 295 [1996] [internal quotation marks and citations omitted]) — was limited to the context of the apparent authority doctrine. We held that “the apparent authority of a third party to consent to a search of a suspect’s personal effects must rest upon the police officer’s reasonably held factual interpretation of the circumstances; it cannot be based on a mistaken view of the law” (id.). Our conclusion was based almost entirely upon the then “consistent reading of [Illinois v Rodriguez (497 US 177, 179 [1990])] by the [f]ederal courts” applying the apparent authority doctrine (Gonzalez, 88 NY2d at 295); we did not hold that our State Constitution provides greater protection than the Federal Constitution in the apparent authority context, or indicate in any way that article I, § 12 of the State Constitution does not tolerate reasonable mistakes of law.
We, therefore, reject defendant’s argument and the contention of the dissent that the distinction between mistakes of fact and mistakes of law set forth in Gonzalez should be expanded to the context of determining whether probable cause exists for a traffic stop. Such an expansion would constitute a departure from Helen and, in our view, “[n]one of the reasons for extending [the] protections of our Constitution beyond those given by the Federal Constitution exist here” (Robinson, 97 NY2d at 351). This Court has adopted separate state constitutional standards “when doing so best promotes predictability and precision in judicial review of search and seizure cases and the protection of the individual rights of our citizens” (People v P.J. Video, 68 NY2d 296, 304 [1986], cert denied 479 US 1091 [1987] [internal quotation marks and citations omitted]; see People v Weaver, 12 NY3d 433, 445 [2009]). We have also deviated, based on our state constitutional standards, from Supreme Court decisions that undermine our ability to “provide and maintain ‘bright line’ rules to guide the decisions of law enforcement and judicial personnel who must understand and implement our decisions in their day-to-day operations in the field” (P.J. Video, 68 NY2d at 305). More fundamentally, while we have declined *138 to adopt an “ironclad [methodology] to be rigidly applied” in determining whether separate standards are warranted, we have recognized “that we act [ ]properly in discharging our responsibility to support the State Constitution when we examine whether we should follow . . . as a matter of State law” any recent decision of the Supreme Court that marks a “change! ] [in] course and dilution] [of] constitutional principles” or protections previously enjoyed by the citizens of this state (People v Scott, 79 NY2d 474, 504 [1992, Kaye, J., concurring]).
In Heien, the Supreme Court did not change course; rather, the Court relied on its “cases dating back two centuries [that] support treating legal and factual errors alike in this context” (574 US at —, 135 S Ct at 536-537). Nor does Heien represent a dilution of our “State . . . common law defining the scope of the individual right in question” (P.J. Video, 68 NY2d at 303) or “an enormous unsupervised intrusion by the police . . . upon personal privacy” (Weaver, 12 NY3d at 445). As explained above, this Court has never held that a reasonable mistake of law cannot provide justification for a traffic stop and, even in the context of cases involving the apparent authority of a third party to consent to a search, our conclusion that a mistake of law could not establish a constitutionally valid search or seizure was based upon federal law, not state constitutional or common law (see Gonzalez, 88 NY2d at 295-296). What we have held is that an officer’s objectively “reasonabl[e] belie[f]” that he or she has witnessed a violation of the Vehicle and Traffic Law justifies a traffic stop, even when the officer made a mistake of law (Estrella, 10 NY3d at 946).[4]
Moreover, the purportedly “bright-line rule” adopted by the Appellate Division Departments that mistakes of law can never provide the basis for a traffic stop has not promoted precision and predictability. To the contrary, the rule has proved difficult to apply as evidenced by the discussion in People v Abdul-Akim (27 Misc 3d 1220[A], 2010 NY Slip Op 50814[U], *9 [Sup Ct, Kings County 2010]), in which the trial court discussed cases *139 either ignoring or attempting to employ the distinction and observed, “it [is] not always . . . easy to classify a particular mistake as one of law or fact.”[5] While the dissent posits that we should apply a rule that a stop based upon a mistake of law is constitutionally invalid “because [then] there would be no need to determine the objective reasonableness of the officer’s mistake of the law” (dissenting op at 144), this Court has already demonstrated that we have no trouble making that determination when called upon to do so (see Estrella, 10 NY3d at 946). Contrary to the dissent’s concerns that our refusal to expand the mistake of fact/mistake of law distinction to the context of traffic stops provides a disincentive for police officers to know the law (dissenting op at 144-145), a rule that even objectively reasonable mistakes of law cannot provide a basis for a traffic stop would do little to protect the rights of the accused or encourage officers to better learn the law (see generally Robinson, 97 NY2d at 351). As the Supreme Court explained, the requirement that the mistake be objectively reasonable prevents officers from “gaining] [any] Fourth Amendment advantage through a sloppy study of the laws [they are] duty-bound to enforce” (Heien, 574 US at —, 135 S Ct at 539-540).
Finally, there is no unfairness in forgiving a police officer’s objectively reasonable mistake of law while refusing to allow an individual to “escape criminal liability based on a mistaken understanding of the law” (Heien, 574 US at —, 135 S Ct at 540). Neither the Supreme Court nor this Court have held that “the government can[ ] impose criminal liability based on a mistaken understanding of the law”; rather, “just because mistakes of law cannot justify either the imposition or the avoidance of criminal liability, it does not follow that they can *140 not justify an investigatory stop” (574 US at —, 135 S Ct at 540).
IV
Applying Helen and our decision in Estrella here, we conclude that the traffic stop was justified under both the Fourth Amendment and article I, § 12 based on the officer’s reasonable belief that defendant failed to stop at a valid stop sign. It is undisputed that the stop sign was of regulation color, height and dimension; its only defect was that it was not properly registered. Under Vehicle and Traffic Law § 1110 (c), there is a presumption that “official traffic-control devices [that] are placed in position approximately conforming to the requirements of this chapter . . . have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence.” Although the stop sign here was ultimately established to be unregistered, the presumption is indicative of the legislature’s intent that traffic control devices appearing to be proper be assumed valid, absent proof to the contrary. In our view, “[t]he officer was not chargeable with knowledge that the” stop sign at issue was not registered under Newark Village Code § 140-46, which lists 130 registered stop signs in the village (Estrella, 10 NY3d at 946). Nor was he required to verify that the stop sign was valid before making the traffic stop — rather, the stop was based on probable cause because the officer reasonably believed that he had observed defendant violate the Vehicle and Traffic Law. Although the stop sign was not registered and, therefore, defendant did not violate Vehicle and Traffic Law § 1172 (a), the evidence recovered as a result of the traffic stop need not be suppressed.
Accordingly, the order of County Court should be reversed, defendant’s motion to suppress denied, and the case remitted to Village Court for further proceedings in accordance with this opinion.

. As relevant here, Vehicle and Traffic Law § 1100 (b) provides that the rules of the road “relating to obedience to stop signs . . . shall apply to a parking lot only when the legislative body of any city, village or town has adopted a local law, ordinance, rule or regulation ordering such signs.”

. This distinction is significant in that a mistake of law that is merely made in “good faith” will not validate a traffic stop; rather, unless the mistake is objectively reasonable, any evidence gained from the stop — whether based on a mistake of law or a mistake of fact — must be suppressed. Thus, contrary to the dissent’s suggestion, our holding in this case does not represent a limitation on the rule set forth in People v Bigelow (66 NY2d 417 [1985]) that there is no good faith exception to the exclusionary rule (see id. at 427).

. Vehicle and Traffic Law § 250 (1) provides an exemption from its requirements for nonresident vehicle owners whose vehicles are in compliance with the registration and equipment requirements of the nonresident’s home state, so long as the state grants “like exemptions” to New York residents.

. The dissent implicitly concedes that the mistake in People v Estrella (10 NY3d 945 [2008]) was one of law — stating that Estrella is “more properly understood to limit the laws for which an officer is responsible” (dissenting op at 148), i.e., by positing that mistakes as to the law of other states are reasonable, the dissent essentially argues that Estrella should be understood as limiting which mistakes of law this Court is willing to recognize as objectively reasonable.

. Indeed, in the case before us, the mistake of the officer as to whether the stop sign was justified under the Vehicle and Traffic Law could be characterized as a mistake of fact or of law — even if the officer knew of the legal requirement that stop signs in a parking lot must be formally registered to be valid, but was mistaken about whether this particular stop sign was on the list of registered signs. That said, while we do not know what the officer actually believed because the parties’ stipulation did not contain that information, we are ultimately concerned, not with the officer’s subjective belief, but with whether there is an “objective safeguard! ] circumscribing the exercise of police discretion” (People v Robinson, 97 NY2d 341, 351 [2001] [internal quotation marks and citation omitted]). Here, the requirement that a mistake be objectively reasonable provides that safeguard (see Heien v North Carolina, 574 US —, —, 135 S Ct 530, 539-540 [2014]).