■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO B. PETRI, Appellant. [59 NYS3d 584]—

Rose, J. Appeal from a judgment of the County Court of Tompkins County (Cassidy, J.), rendered September 22, 2015, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant was stopped in his vehicle at a red light at an intersection in the center of the City of Ithaca, Tompkins County, at approximately 1:30 a.m. as large groups of college-aged pedestrians were leaving local bars in the vicinity. Defendant engaged in a verbal and gestural "interaction" with some of the pedestrians at the intersection and, when the light turned green, he turned right and rapidly accelerated past them, causing his tires to "squeal" and "burn." A police officer who witnessed the incident stopped defendant's vehicle and, after determining that defendant was intoxicated, placed him under arrest and cited him for, among other things, engaging in an unsafe start in violation of Vehicle and Traffic Law § 1162 and driving while intoxicated. Following a suppression hearing, County Court found that the officer had lawfully stopped defendant's vehicle and, therefore, defendant's incriminating statements made to the officer were admissible in evidence. Defendant pleaded guilty to driving while intoxicated and he now appeals, challenging only County Court's suppression determination.

Defendant contends that Vehicle and Traffic Law § 1162 is inapplicable because his vehicle was already in motion when he caused its tires to squeal and that, even if this provision applies here, the officer lacked probable cause to believe that he violated this section. We are not persuaded. Vehicle and Traffic Law § 1162 prohibits the movement of a vehicle from a stopped, standing or parked position "unless and until such movement can be made with reasonable safety." When police officers have probable cause to believe that the driver of a vehicle has committed a traffic violation, the vehicle may be lawfully stopped (*see People v Guthrie*, 25 NY3d 130, 133 [2015]; *People v Robinson*, 97 NY2d 341, 349 [2001]; *People v Driscoll*, 145 AD3d 1349, 1349 [2016]; *People v Portelli*, 116 AD3d 1163, 1164 [2014]). The standard of probable cause "merely [requires] information sufficient to support a reasonable belief that an offense has been or is being committed" (*People v Guthrie*, 25 NY3d at 133 [internal quotation marks, emphasis and citation omitted]).

Here, County Court credited the officer's testimony that defendant was stopped at a light and, when the light turned green, defendant made an immediate turn to the right and

rapidly accelerated on a city street past numerous pedestrians, some within 5 to 10 feet of his vehicle, while causing his tires to loudly squeal and spin for a protracted period of time. The officer testified that he believed that defendant was not in control of his vehicle because, in his experience, a vehicle loses its traction and its steering ability becomes impaired upon such an occurrence. Further, the officer observed defendant rapidly accelerate at a speed that was neither reasonable nor prudent under the circumstances. According to the officer, defendant was engaged in an unsafe manner of driving that, given the presence of groups of college-aged pedestrians at that hour of the night, could have been "fatal for somebody." In light of the foregoing, we agree with County Court that the officer had probable cause to believe that defendant had violated the Vehicle and Traffic Law (*see* Vehicle and Traffic Law § 1162; *cf. People v Rodriguez*, 54 AD2d 949, 949-950 [1976]). Furthermore, defendant's contention that Vehicle and Traffic Law § 1162 does not apply when a vehicle is in motion is patently without merit, as the movement of a vehicle is a necessary predicate for application of the statute (*see* Vehicle and Traffic Law § 1162; *cf. People v Rodriguez*, 54 AD2d at 949), and it is undisputed that defendant's vehicle had been stopped just before he moved it in an unsafe manner (*see* Vehicle and Traffic Law § 1162; *compare Matter of McDonell v New York State Dept. of Motor Vehicles*, 77 AD3d 1379, 1380 [2010]). Accordingly, we agree with County Court that the officer had probable cause to stop defendant's vehicle.

Peters, P.J., Garry, Egan Jr. and Mulvey, JJ., concur. Ordered that the judgment is affirmed.