People v Knupp (2018 NY Slip Op 01649)





People v Knupp


2018 NY Slip Op 01649


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


390/15 6003 6002

[*1]The People of the State of New York, Appellant,
v
Christopher Knupp, et al., Defendant-Respondent.
The People of the State of New York, Appellant,
v
Sean McCants, Defendant-Respondent.


Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for appellant.
Christina Swarns, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for Christopher Knupp, respondent.
Robert S. Dean, Center for Appellate Litigation, New York (Rachel T. Goldberg of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Jesse Feitel of counsel), for Sean McCants, respondent.



Order, Supreme Court, Bronx County (April A. Newbauer, J.), entered July 27, 2016, which granted both defendants' motions to suppress physical evidence and defendant Christopher Knupp's motion to suppress his written statement, unanimously affirmed.
There is no basis for disturbing the suppression court's credibility determinations, which are accorded great deference (see People v Prochilo, 41 NY2d 759, 761 [1977]). The record supports the court's finding that the officer's conclusory and sometimes contradictory testimony failed to establish that he stopped the car defendant McCants was driving, in which defendant Knupps was a passenger, because the officer reasonably believed that McCants was guilty of reckless driving (see Vehicle and Traffic Law § 1212; People v Guthrie, 25 NY3d 130 [2015]; People v Robinson, 97 NY2d 341, 348-349 [2001]; see also Whren v United States, 517 US 806, 809-810 [1996]).
Reckless driving is defined as "driving or using any motor vehicle . . . in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway" (Vehicle and Traffic Law § 1212). It "calls for evidence showing something more than mere negligence" (People v Grogan, 260 NY 138, 143 [1932]), that is, "operation of an automobile under such circumstances as to show a reckless disregard of the consequences" (id. at 144). Here, the officer testified that the car made a left turn across double yellow lines, but that conduct was undisputedly lawful. The officer was unable to provide details of the car's danger to other users of the public highway.
Moreover, the officer's testimony gave the court reason to suspect that the car was actually stopped because of an encounter on the street 20 minutes earlier between the car's occupants and the same officer.
The People failed to preserve their arguments suggesting that McCants committed other violations of the Vehicle and Traffic Law. In any event, the officer did not testify that such [*2]violations were the basis for his stop of the car.
Since the People did not meet their initial burden of coming forward with credible evidence to establish the legality of the stop, the court properly granted the motions to suppress its fruits, including physical evidence and statements. The record also supports the court's suppression of Knupp's written statement on the additional ground that the People failed to meet their burden of proving beyond a reasonable doubt that it was voluntarily made. While the People need not produce all the officers who interacted with a defendant before a challenged statement was elicited (People v Witherspoon, 66 NY2d 973, 974 [1985]), under the circumstances presented here, the arresting officer's testimony was insufficient to establish the voluntariness of Knupp's statement to a nontestifying detective.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK