People v Gibbs (2018 NY Slip Op 08875)





People v Gibbs


2018 NY Slip Op 08875


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1447 KA 13-01731

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNATHON W. GIBBS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, TREVETT CRISTO P.C. (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH R. PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered June 19, 2013. The judgment convicted defendant, upon a nonjury verdict, of driving while ability impaired and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). Defendant contends that County Court erred in refusing to suppress his statement to the police and evidence that was seized by the police inasmuch as the arresting officer did not have probable cause to stop the vehicle that he was driving. We reject that contention. A traffic stop is lawful "when a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation' " (People v Guthrie, 25 NY3d 130, 133 [2015], rearg denied 25 NY3d 1191 [2015]). Here, the officer testified at the probable cause hearing that he stopped the vehicle at approximately 9:00 p.m. on July 15, 2012 because it did not have a working rear license plate lamp, which was a violation of Vehicle and Traffic Law § 375 (2) (a) (4) (see People v Williams, 132 AD3d 1155, 1155-1156 [3d Dept 2015], lv denied 27 NY3d 1157 [2016]; People v Hale, 130 AD3d 1540, 1540 [4th Dept 2015], lv denied 26 NY3d 1088 [2015], reconsideration denied 27 NY3d 998 [2016]). Defendant contends that there was no violation of section 375 (2) (a) (4) because the stop occurred less than one-half hour after sunset, which occurred at 8:48 p.m. The statute, however, requires that a rear license plate be illuminated "during the period from one-half hour after sunset . . . and at such other times as visibility for a distance of [1,000] feet ahead of such motor vehicle is not clear" (§ 375 [2] [a] [emphasis added]). The officer's testimony that it was "dark" outside established that he had probable cause to believe that defendant violated section 375 (2) (a) (4) and therefore had " a reasonable basis to effectuate a [traffic] stop' " (Guthrie, 25 NY3d at 133).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court