# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 46  SSM 3
In the Matter of Stephen Schoonmaker,
        Appellant,
    v.
New York State Department of
Motor Vehicles,
        Respondent.

Submitted by David Tolchin, for appellant.
Submitted by David Lawrence, III, for respondent.

MEMORANDUM:

The judgment of the Appellate Division should be affirmed, with costs.

Whether an agency determination is supported by substantial evidence is solely an

issue of law (see Matter of Kelly v Safir, 96 NY2d 32, 38-39 [2001]) and, here, substantial

- 1 -

evidence supports respondent's determination revoking petitioner's driver's license for refusing to submit to a chemical test in violation of Vehicle and Traffic Law § 1194. At the administrative hearing, testimony was elicited that, while on patrol at 1:00 AM on December 22, 2013, a police officer observed petitioner's vehicle "make an erratic movement off the right side of the road, crossing the fog line and [moving] off the shoulder [with the vehicle's] right front tire." Once the vehicle left the paved roadway – and with the right-hand turn signal on – the officer saw the vehicle immediately move left, returning to its original lane of travel. After observing that there was no animal or other obstruction of the roadway that would have explained the "erratic jerking action," the police officer pulled the vehicle over. During the stop, the officer noticed that petitioner smelled of alcohol and exhibited other signs of inebriation. Petitioner admitted that he "had a few drinks" and asked the officer to give him a ride home, failing field sobriety tests and a preliminary breath test given at the scene. At the precinct, despite receiving the appropriate warnings, petitioner refused to take a chemical test, resulting in an administrative license revocation hearing. The police officer's testimony at the hearing, articulating credible facts to support a reasonable belief that petitioner violated Vehicle and Traffic Law § 1128 (a) (failure to remain in lane), provided substantial evidence that he had probable cause to stop petitioner's vehicle (see People v Guthrie, 25 NY3d 130, 133 [2015]; People v Robinson, 97 NY2d 341, 353-354 [2001]). Any negative or adverse inference that was drawn from petitioner's failure to testify at the administrative revocation hearing was permissible (see 15 NYCRR 127.5 [b]).

Matter of Stephen Schoonmaker v New York State Department of Motor Vehicles

SSM No. 3

RIVERA, J. (dissenting):

As explained by the dissent below (Matter of Schoonmaker v New York State Dept. of Motor Vehicles, 165 AD3d 677, 679–681 [2d Dept] [Braithwaite Nelson, J., dissenting]), the officer's testimony did not provide reasonable grounds to believe there

had been a violation of the Vehicle and Traffic Law and therefore, for the reasons stated in my dissent in <u>People v Guthrie</u> (25 NY3d 130, 140–149 [2015] [Rivera, J., dissenting]), the officer's mistaken belief that there was violation cannot form the basis for a lawful stop.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

On review of submissions pursuant to section 500.11 of the Rules, judgment affirmed, with costs, in a memorandum.  Chief Judge DiFiore and Judges Stein, Fahey, Garcia, Wilson and Feinman concur.  Judge Rivera dissents in an opinion.

Decided March 26, 2019