People v Turner (2019 NY Slip Op 07190)





People v Turner


2019 NY Slip Op 07190


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


912 KA 19-00521

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACHAI TURNER, DEFENDANT-APPELLANT. 






THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered September 14, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that County Court erred in refusing to suppress evidence obtained as a result of a traffic stop on the ground that the traffic stop was unlawful. Testimony at the suppression hearing established that a patrol officer stopped the vehicle in which defendant was a passenger after observing it make a left turn from a two-way road into the right-most of the three lanes in the intersecting road that were proceeding in the vehicle's direction of travel. The officer believed that the vehicle was required to complete the turn in the lane closest to the center line and that the driver thus committed a traffic violation by completing the turn in the right-most lane.
Initially, we agree with defendant that, contrary to the People's contention and the officer's belief, the driver of the vehicle in which defendant was a passenger did not violate Vehicle and Traffic Law § 1160 (b) by completing the left turn in the right-most lane. As relevant here, section 1160 (b) requires that a "left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered." Unlike the language used in other subsections of section 1160, the language of subsection (b) does not specify how close to the center line a vehicle must be when it completes its turn, nor does it designate a specific lane within which the vehicle must complete the turn (compare § 1160 [b] with § 1160 [a], [c], [e]). In light of the more specific language employed elsewhere in the statute, we read the use of the more general phrase "right of the center line" as meaningful and intentional (see generally Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60-61 [2013]). Indeed, reading "right of the center line" to mean the lane to the immediate right of the center line, or as close to center as possible, would improperly render the more specific language used elsewhere in the statute superfluous (see generally Matter of Stateway Plaza Shopping Ctr. v Assessor of City of Watertown, 87 AD3d 1359, 1361 [4th Dept 2011]).
Nevertheless, suppression is not required here because the stop was the result of the officer's objectively reasonable belief that he observed a traffic violation (see People v Guthrie, 25 NY3d 130, 134 [2015], rearg denied 25 NY3d 1191 [2015]; People v Estrella, 10 NY3d 945, 946 [2008], cert denied 555 US 1032 [2008]). In light of " the reality that an officer may suddenly confront a situation in the field as to which the application of a statute is unclear—however clear it may later become[,]' " an officer's misreading of a statute that is [*2]susceptible of multiple interpretations and has not been definitively construed by New York appellate courts may amount to a reasonable mistake of law justifying a traffic stop (Guthrie, 25 NY3d at 134-135, quoting Heien v North Carolina, 574 US &mdash, &mdash, 135 S Ct 530, 539 [2014]). Notwithstanding our interpretation of Vehicle and Traffic Law § 1160 (b) above, the "right of the center line" language is, in our view, susceptible of multiple interpretations, including the interpretation taken by the officer here, and the ambiguity has not previously been definitively construed. Thus, we conclude that the officer's mistake of law was objectively reasonable and that the stop was lawful.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court