People v Kaja (2020 NY Slip Op 50987(U))

[*1]

People v Kaja (Jetlum)

2020 NY Slip Op 50987(U) [68 Misc 3d 130(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-133 RI CR

The People of the State of New York,
Respondent,
against
Jetlum Kaja, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for
respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York,
Richmond County (Raja Rajeswari, J.), rendered December 19, 2017. The judgment convicted
defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the
third degree (Vehicle and Traffic Law § 511 [1] [a]), and imposed sentence. The appeal
brings up for review an order of that court (Raymond Rodriguez, J.) dated November 27, 2017,
after a hearing, denying defendant's motion to suppress evidence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with aggravated unlicensed operation of a motor
vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). At a combined
Dunaway/Huntley/Ingle hearing, the arresting officer testified that he had
observed defendant driving simultaneously in two marked northbound lanes of traffic for
approximately 50 to 100 feet. After the officer pulled defendant over, defendant was unable to
provide a driver's license and informed the arresting officer that his license had been suspended.
Based on pedigree information obtained from defendant's passport, the officer ran a search of the
Department of Motor Vehicle records and learned that defendant's driving privileges had been
suspended, and placed defendant under arrest. At the conclusion of the hearing, the Criminal
Court (Raymond Rodriguez, J.) denied defendant's motion to suppress defendant's statement and
evidence that his license had been suspended, finding that this evidence was predicated on a
lawful vehicle stop. Defendant subsequently pleaded guilty before Judge Raja Rajeswari to
aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law
§ 511 [1] [a]).
On appeal, defendant contends that his vehicle was unlawfully stopped and, thus, his
statement and the evidence of his suspended license constituted fruit of the poisonous tree, and
should have been suppressed.
The factual findings and "credibility determinations of a hearing court are accorded great
deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People [*2]v John, 119 AD3d 709, 710 [2014]). Upon our review of
the record, we find no reason to discredit the arresting officer's testimony. "[A] police officer
who can articulate credible facts establishing reasonable cause to believe that someone has
violated a law has established a reasonable basis to effectuate a [traffic] stop" (People v Guthrie, 25 NY3d 130,
133 [2015] [internal quotation marks omitted]). Here, the officer's testimony that he had
observed defendant driving simultaneously over two marked lanes of traffic for 50 to 100 feet
provided the requisite reasonable cause to believe that defendant had violated the Vehicle and
Traffic Law. Defendant's contentions that the officer was required to testify about how long
defendant had driven simultaneously in two lanes of traffic or that defendant had not employed a
turn signal lack merit. As defendant's statement and evidence that his license had been suspended
were predicated on a lawful vehicle stop, the Criminal Court properly denied defendant's
suppression motion.
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020