People v Reano (2020 NY Slip Op 51503(U))

[*1]

People v Reano (Jose)

2020 NY Slip Op 51503(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1419 Q CR

The People of the State of New York,
Appellant,
against
Jose Reano, Respondent. 

Queens County District Attorney (Joseph N. Ferdenzi and Edward D. Saslaw of counsel), for
appellant.
New York City Legal Aid Society (Svetlana M. Kornfeind of counsel), for respondent.

Appeal from orders of the Criminal Court of the City of New York, Queens County (Karen
Gopee, J.), dated February 15, 2018, and April 2, 2018. The order dated February 15, 2018
granted defendant's motion to suppress evidence, and the order dated April 2, 2018, insofar as
appealed from, upon granting the People's motion for leave to reargue their opposition to
defendant's motion, adhered to the prior determination granting defendant's motion to suppress
evidence.

ORDERED that the appeal from the order dated February 15, 2018, is dismissed, as that
order was superseded by the order dated April 2, 2018 made upon reargument; and it is
further,
ORDERED that the order dated April 2, 2018, insofar as appealed from, is reversed, on the
law and facts, upon reargument, defendant's motion to suppress evidence is denied and the matter
is remitted to the Criminal Court for all further proceedings.
Defendant was charged with aggravated driving while intoxicated (Vehicle and Traffic Law
§ 1192 [2-a]), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]),
and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]).
Defendant subsequently moved to suppress the evidence.
At a suppression hearing, Police Officer Volcy testified that, at 12:46 a.m., he observed a
white BMW stopped at a bus stop. When he approached the vehicle, he saw defendant in the
[*2]driver's seat. The keys were in the ignition and the engine was
running. The officer told defendant that he had to move his vehicle because he could not be
parked in a bus stop. Defendant stated that he was waiting for someone. As the officer walked to
the back of the vehicle, defendant drove off. He noticed that defendant's left rear brake light was
not operational. He got back into his police vehicle and pulled defendant over. During
cross-examination, the officer testified that he initially pulled up behind defendant's vehicle
because it was parked in a bus stop. At that point, he had not stopped defendant, as Officer Volcy
was merely looking to have defendant move the vehicle from the bus stop. After defendant
moved the vehicle, he noticed that of the two rear brake lights, the rear left brake light was out.
He testified further that the vehicle was also equipped with a functioning third brake light that
was located on the top center area that "dissects" the vehicle.
Following the hearing, the Criminal Court granted defendant's motion to suppress the
evidence, finding that the stop was illegal as defendant's vehicle was equipped with at least two
working brake lights. Thereafter, the People moved for leave to reargue its opposition to
defendant's motion, arguing that the stop of defendant's vehicle was lawful since defendant had
violated Vehicle and Traffic Law § 375 (2) (a) (3) because the vehicle was required to have
operational brake lights on the rear of each side of the vehicle and that the fact that there was an
operational center brake light did not satisfy that statute's requirement. As the police officer
reasonably concluded that defendant was driving the vehicle in violation of a statute, the People
asserted that the officer had a sufficient basis to stop defendant's vehicle. The Criminal Court
granted reargument and adhered to its prior determination.
"[W]here a police officer has probable cause to believe that the driver of an automobile has
committed a traffic violation, a stop does not violate article I, § 12 of the New York State
Constitution. In making that determination of probable cause, neither the primary motivation of
the officer nor a determination of what a reasonable traffic officer would have done under the
circumstances is relevant" (People v Robinson, 97 NY2d 341, 349 [2001]; People v Guthrie, 25 NY3d 130,
133 [2015]). "Probable cause . . . 'does not require proof . . . beyond a reasonable doubt but
merely information sufficient to support a reasonable belief that an offense has been or is being
committed' " (People v Guthrie, 25 NY3d at 133, quoting People v Bigelow, 66
NY2d 417, 423 [1985]; see e.g. People v
Newcomb, 58 Misc 3d 153[A], 2018 NY Slip Op 50145[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]). In other words, " 'it need merely appear more probable than not
that [an offense] has taken place' " (People v Wright, 8 AD3d 304, 307 [2004], quoting People v
Hill, 146 AD2d 823, 824 [1989]; see also CPL 70.10 [2]; People v Williams, 127 AD3d
1114, 1116 [2015]). " 'All that is required is that [the officer] have had reasonable cause to
believe that defendant had violated [the] Vehicle and Traffic Law' " (People v Gingras, 22 Misc 3d 22,
23 [App Term, 2d Dept, 9th & 10th Jud Dists 2008], quoting People v Hilker, 133
AD2d 986, 988 [1987]; see also People
v Gramajo, 49 Misc 3d 131[A], 2015 NY Slip Op 51435[U], *2 [App Term, 2d Dept,
9th & 10th Jud Dists 2015]).
We find that the officer had reasonable cause to believe that defendant had violated Vehicle
and Traffic Law § 375 (2) (a) (3), since the brake light located on the left rear side of the
vehicle was not functioning (see People v Pena, ___ NY3d ___, 2020 NY Slip Op 06836
[2020]; People v Guthrie, 25 NY3d
130). 
Accordingly, the appeal from the order dated February 15, 2018 is dismissed, as that [*3]order was superseded by the order dated April 2, 2018 made upon
reargument; and the order dated April 2, 2018, insofar as appealed from, is reversed, upon
reargument, defendant's motion to suppress evidence is denied and the matter is remitted to the
Criminal Court for all further proceedings.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020