People v Johnson (2021 NY Slip Op 50319(U))

[*1]

People v Johnson (Kaitlyn)

2021 NY Slip Op 50319(U) [71 Misc 3d 131(A)]

Decided on April 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-1643 N CR

The People of the State of New York,
Appellant,
against
Kaitlyn Johnson, Respondent. 

Nassau County District Attorney (Tammy J. Smiley and Yael V. Levy of counsel), for appellant.
Keith LaVallee, for respondent (no brief filed).

Appeals from orders of the Long Beach City Court, Nassau County (Corey E. Klein, J.),
dated July 10, 2019 and issued September 27, 2019, respectively. The July 10, 2019 order
granted the branch of defendant's motion seeking to suppress all evidence on the ground that the
stop of defendant's vehicle was illegal. The September 27, 2019 order dismissed the accusatory
instruments.

ORDERED that the order issued September 27, 2019 is reversed, on the law, and the
accusatory instruments are reinstated; and it is further,
ORDERED that the order dated July 10, 2019 is reversed, on the law, the branch of
defendant's motion seeking to suppress all evidence on the ground that the stop of defendant's
vehicle was illegal is denied and the matter is remitted to the City Court for a determination of
the remaining branches of defendant's motion.
In July 2018, separate informations were filed charging defendant with driving while ability
impaired by drugs (Vehicle and Traffic Law § 1192 [4]), driving while ability impaired by
the combined influence of drugs or of alcohol and any drug or drugs (Vehicle and Traffic Law
§ 1192 [4-a]), and driving on a sidewalk (Vehicle and Traffic Law § 1225-a),
respectively. A combined Ingle/Dunaway/Huntley hearing was held, after which the City
Court issued an order, dated July 10, 2019, finding that "the People have not met their burden of
establishing the legality of the traffic stop. As such, all evidence and statements which are the
subject of this hearing . . . are suppressed." In August 2019, the People moved for leave to
reargue, which motion defendant opposed. By order dated September 27, 2019, the City Court
granted leave to [*2]reargue and, upon reargument, adhered to its
July 2019 determination. Thereafter, from the bench on September 27, 2019, the City Court
dismissed the accusatory instruments. On appeal, the People argue, among other things, that the
stop of defendant's vehicle was lawful.
At the hearing, Police Officer Wiemann testified that he received a radio call reporting that
people had been observed smoking marihuana in a white Nissan, the license plate number of
which was provided, traveling south at a specified location on Monroe Boulevard. The radio call
was based on a tip from a female who stated that she had made the observation. When he
received the radio call, Wiemann happened to be driving his police car on Monroe Boulevard
directly behind the Nissan bearing the license plate in question. Wiemann observed the vehicle
make a right turn from Monroe Boulevard onto East Park Avenue. As the Nissan made the turn,
the two passenger side tires of the Nissan went up onto the curb. Police Officer Arroyo testified
that, when she arrived on Monroe Boulevard, she saw Wiemann's police car following behind the
Nissan, and she also observed the tires of the Nissan go up onto the curb. Both Wiemann and
Arroyo testified that, within seconds after the Nissan completing making the right turn, Wiemann
turned on his police car's emergency lights and stopped the Nissan. The officers detected the odor
of marihuana emanating from defendant, the driver, and from inside the Nissan. Defendant was
subsequently arrested.
The pertinent part of Vehicle and Traffic Law § 1225-a, "Driving on sidewalks,"
provides as follows:
"No person shall drive a motor vehicle on or across a sidewalk, except that a
vehicle may be driven at a reasonable speed, but not more than five miles per hour, on or across a
sidewalk in such manner as not to interfere with the safety and passage of pedestrians thereon,
who shall have the right of way, when it is reasonable and necessary."
In
the case at bar, Police Officers Wiemann and Arroyo both testified that they observed the tires of
defendant's vehicle go onto the "curb," as the vehicle was making a right turn onto East Park
Avenue. The Vehicle and Traffic Law defines a sidewalk as "[t]hat portion of a street between
the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the
use of pedestrians" (Vehicle and Traffic Law § 144), and defines a curb as "[a] vertical or
sloping member along the edge of a roadway clearly defining the pavement edge" (Vehicle and
Traffic Law § 111). Wiemann's testimony that he observed two tires of defendant's car go
onto the curb sufficiently articulated credible facts showing reasonable cause for him to believe
that defendant had violated Vehicle and Traffic Law § 1225-a, since the tires were "between
the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the
use of pedestrians." Consequently, Officer Wiemann had probable cause to effectuate a traffic
stop based on his observation of a traffic infraction (see People v Guthrie, 25 NY3d 130,
133 [2015]; People v Robinson, 97 NY2d 341, 353-354 [2001]).
Accordingly, the order issued September 27, 2019 is reversed and the accusatory instruments
are reinstated. The order dated July 10, 2019 is reversed, the branch of defendant's motion
seeking to suppress all evidence on the ground that the stop of defendant's vehicle was illegal is
denied and the matter is remitted to the City Court for a determination of the remaining branches
of defendant's motion.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 15, 2021